UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL             JS - 6

| Case No. | CV 20-5631 FMO (MAAx) | Date | October 14, 2020 |
|---|---|---|---|
| Title | Jackie Saldana, et al. v. Glenhaven Healthcare LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):          Attorney Present for Defendant(s):
None Present                                None Present

**Proceedings:**     (In Chambers) Order Re: Motion to Remand

Having reviewed and considered all the briefing filed with respect to plaintiffs' Motion to Remand (Dkt. 11, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and orders as follows.

## BACKGROUND

On June 10, 2020, plaintiffs Jackie Saldana, Celia Saldana, Ricardo Saldana, Jr., and Maria Saldana, individually and as successors and heirs of Ricardo Saldana ("Saldana"), deceased ("plaintiffs") filed a First Amended Complaint ("FAC") in the Los Angeles County Superior Court ("state court") against defendants Glenhaven Healthcare LLC ("Glenhaven"), Caravan Operations Corp., Matthew Karp, and Benjamin Karp (collectively, "defendants"). (See Dkt. 3, Notice of Removal ("NOR") at ¶ 1); (Dkt. 3-7, FAC). Plaintiffs allege that defendants improperly and inadequately protected Saldana from the COVID-19 virus during the coronavirus pandemic. (See Dkt. 3-7, FAC at ¶¶ 20-35). Saldana was an elderly resident of Glenhaven's nursing home in Glendale, California. (See id. at ¶ 20). Plaintiffs allege that although California and Los Angeles declared a state of emergency in early March 2020, Glenhaven not only failed to implement appropriate safety measures, but "stopp[ed] its staff from protecting themselves and the residents" from the coronavirus. (Id. at ¶ 25). For instance, supervisors at Glenhaven told staff that they could not wear their own masks, even when employees indicated that they had been sick. (See id. at ¶ 26). And when the local fire department provided boxes of masks to the facility, a Glenhaven supervisor locked them away rather than distributing them to employees. (See id. at ¶ 27). Glenhaven supervisors also did not disclose that one of its nurses had previously worked at a facility that was shut down because of uncontrolled COVID-19 infections and that the nurse had been exposed to the virus. (See id. at ¶ 28). Instead, supervisors downplayed the virus and "compared [it] to the flu." (Id. at ¶ 29). Finally, in late March 2020, Glenhaven placed a resident who had shared a room with a COVID-19 positive resident in Saldana's room. (See id. at ¶ 34). Saldana subsequently began to develop a fever and other symptoms of the virus, and ultimately died on April 13, 2020, from the coronavirus. (See id. at ¶ 35). Plaintiffs' FAC asserts four state law claims: (1) elder abuse; (2) willful misconduct; (3) custodial negligence; and (4) wrongful

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 20-5631 FMO (MAAx) | Date | October 14, 2020 |
|---|---|---|---|
| Title | Jackie Saldana, et al. v. Glenhaven Healthcare LLC, et al. | | |

death. (See id. at ¶¶ 36-61).

On June 24, 2020, defendants removed the action on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (See Dkt. 3, NOR at ¶ 6). Having reviewed and considered all the briefing filed with respect to plaintiffs' Motion (Dkt. 11), the court concludes that this action must be remanded to the state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

**LEGAL STANDARD**

Removal of a civil action from the state court where it was filed is proper if the action might have originally been brought in federal court. See 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"). "The burden of establishing federal jurisdiction is upon the party seeking removal[.]" Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988); see Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). As such, any doubts are resolved in favor of remand. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In general, under the "well-pleaded complaint" rule, courts look to the complaint to determine whether an action falls within the bounds of federal question jurisdiction. See Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009).

**DISCUSSION**

I.  SUBJECT MATTER JURISDICTION.

Defendants contend that federal question jurisdiction exists in this action because plaintiffs' claims arise under a federal statute, namely The Public Readiness and Emergency Preparedness Act, ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247-6e. (See Dkt. 3, NOR at ¶¶ 6, 9-11). Defendants argue that the PREP Act completely preempts plaintiffs' state-law claims, and even if it did not, federal question jurisdiction exists because the claims raise a federal issue.[1] (Id. at ¶ 18). With respect to complete preemption, the PREP Act is "not one of the three statutes that the Supreme Court has determined has extraordinary preemptive force." See City of Oakland v. BP PLC, 969

---

[1] The court notes that the allegations in the FAC do not support a claim that Saldana's death resulted from defendants' administration to or use by Saldana of a covered countermeasure. (See, generally, Dkt. 3-7, FAC); (see also Dkt. 20, Plaintiffs' Reply to Defendants' Opposition to Motion to Remand at 5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 20-5631 FMO (MAAx) | Date | October 14, 2020 |
|---|---|---|---|
| Title | Jackie Saldana, et al. v. Glenhaven Healthcare LLC, et al. | | |

F.3d 895, 907 (9th Cir. 2020); Martin v. Serrano Post Acute LLC, 2020 WL 5422949, *1-2 (C.D. Cal. 2020) (finding that PREP Act did not preempt plaintiffs' state law claims relating to defendants' alleged "fail[ure] to take proper precautions to prevent the spread of COVID-19 in the [nursing] facility, and fail[ure] to react properly to the infections that became present in the facility[,]" which led to decedent's death from COVID-19). Moreover, defendants "make a lengthy argument in favor of their immunity under the PREP Act, but mere immunity against state law or preemption of state law is not the equivalent of complete preemption and does nor provide removal jurisdiction."[2] Martin, 2020 WL 5422949, at *2; see also Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint[.]") (emphasis in original). Accordingly, the court finds that the PREP Act does not confer federal question jurisdiction.[3]

Defendants also contend that removal is warranted under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[4] (See Dkt. 3, NOR at ¶¶ 20-43); (Dkt. 18, Opp. at 16-23). Although the federal officer removal statute must be "liberally construed[,]" Watson v. Philip Morris Cos., Inc., 551 U.S. 142, 147, 127 S.Ct. 2301, 2305 (2007) (internal quotation marks omitted), the court finds that it does not confer jurisdiction in this instance. Defendants argue that "in taking steps to prevent the spread of COVID-19, [they] did so in compliance with CDC and CMS directives, which were aimed at helping achieve the federal government's efforts at stopping or

---

[2] As the court in Martin succinctly put it: "It is largely irrelevant that federal courts have exclusive jurisdiction under the PREP Act because none of the claims in the complaint, on its face, are brought under that Act. If Defendants believe that some or all of Plaintiffs' state law claims are barred by the PREP Act, the appropriate response is to file a demurrer in state court. If the state court dismisses the state law claims, Plaintiffs could then decide if they wish to file claims under the PREP Act in the District of the District of Columbia, the court with exclusive jurisdiction over such claims." Martin, 2020 WL 5422949, at *2 (citing 42 U.S.C. § 247d-6d(e)(1)).

[3] Nor does federal question jurisdiction exist based on defendants' contention that plaintiffs' state-law claims present a substantial, embedded question of federal law. (See Dkt. 18, Defendants['] Opposition to Motion to Remand ("Opp.") at 4-9; Dkt. 3, NOR at ¶¶ 18-19); see Martin, 2020 WL 5422949, at *3 ("Defendants [ ] make no attempt to show that this particular case raises substantial questions important to the federal system as a whole, and it is clear that it does not.") (internal quotation marks omitted).

[4] Under the federal officer removal statute, a case may be removed by "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." 28 U.S.C. § 1442(a)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV 20-5631 FMO (MAAx) | Date | October 14, 2020 |
| Title | Jackie Saldana, et al. v. Glenhaven Healthcare LLC, et al. | | |

limiting the spread of COVID-19." (Dkt. 18, Opp. at 17). However, "[t]he directions Defendants point to are general regulations and public directives regarding the provision of medical services[,]" which are insufficient. Martin, 2020 WL 5422949, at *1; see Watson, 551 U.S. at 153, 147 U.S. at 2308 ("A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored.").

II.    FEES AND COSTS.

Plaintiffs seek attorney's fees and costs for defendants' "frivolous" removal. (See Dkt. 11, Motion at 29-30); 28 U.S.C. § 1447(c). Plaintiffs' request is denied as the court finds that defendants did not lack an "objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.")

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. Plaintiffs' Motion to Remand **(Document No. 11)** is **granted in part** and **denied in part**.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 N. Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Plaintiffs' request for attorney's fees is **denied**.

3. The Clerk shall send a certified copy of this Order to the state court.

4. Except as set forth in this Order, all pending motions are denied as moot.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |